UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
DAVID JOYCE                    :
                               :            PRISONER
    v.                         :   Case No. 3:05CV1477(WWE)(HBF)
                               :
CHRIS HANNEY, et al.           :
```

RULING AND ORDER

Plaintiff asks the court to impose prejudgment liens on defendants Hanney and Johnson and to order the Office of the Attorney General to withdraw from its representation of these two defendants.  For the reasons that follow, plaintiff's motions will be denied.

I.  Motion for Prejudgment Liens [Doc. #79]

Plaintiff asks the court to impose prejudgment liens against all assets of defendants Hanney and Johnson held separately or jointly with their spouses.  Defendants oppose the motion on the grounds that plaintiff has cited no federal authority authorizing such liens and, as the court currently is attempting to locate pro bono counsel for plaintiff, such issues are better addressed after counsel is appointed.

Rule 64, Fed. R. Civ. P., permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.  See Granny Goose

Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 (1974).  Rule 64 provides that all available state remedies for seizure of property to secure satisfaction of a potential judgment may be utilized in federal civil actions.  State law, however, governs when and how these remedies may be obtained.  See Bahrain Telecommunications Co. v. Discoverytel, Inc., 476 F. Supp. 2d 176, 183 (D. Conn. 2007).

Connecticut General Statutes § 52-278a, et seq., govern prejudgment remedies.  Section 52-278c sets forth the required documents to be filed with the court and the requirements of service on the defendant of notice of intent to secure a prejudgment remedy.  Section 52-278b emphasizes that plaintiff cannot obtain a prejudgment remedy unless he complies with the statutory requirements.  See Cordoba Shipping Co. v. Maro Shipping, Ltd., 494 F. Supp. 183, 186 (D. Conn. 1980).

Plaintiff did not attach an affidavit to his application for prejudgment remedy as required by Connecticut General Statutes § 52-278c(a)(2).  See Lauf v. James, 33 Conn. App. 223, 227-29, 635 A.2d 300 (1993) (holding that affidavit must be submitted before court can grant prejudgment remedy).  In addition, plaintiff does not indicate that he has otherwise complied with the statutory requirements.  Because plaintiff has failed to comply with the state requirements, his motion is denied without prejudice.

II.  <u>Motion for Recusal [Doc. #80]</u>

    Plaintiff also asks the court to order the Office of the Attorney General to recuse itself from representing defendants Hanney and Johnson.  Plaintiff argues that these defendants were not acting in the course of their employment when they violated his constitutional rights.  In opposition, defendants state that the decision whether to offer representation rests solely with the Office of the Attorney General and is not reviewable by the court.

    Under state law, the Office of the Attorney General represents a state employee when the actions giving rise to a lawsuit occurred while the employee was acting in the discharge of his duties.  If, after investigation, the Attorney General determines that representation would be inappropriate, the state is not obligated to defend the employee.  <u>See</u> Conn. Gen. Stat. § 5-141(b).  The Attorney General's decision whether to provide representation is protected by absolute immunity.  <u>See</u> <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 395-97 (2d Cir. 2006).

    Plaintiff provides no authority affording him a right to challenge the Attorney General's decision to represent defendants Hanney and Johnson.  The fact that plaintiff disagrees with the Attorney General's characterization of their actions, does not warrant an order denying defendants Hanney and Johnson representation by the Office of the Attorney General. Plaintiff's

motion is denied.

III. Conclusion

Plaintiff's motions for prejudgment remedy [**doc. #79**] is **DENIED** without prejudice.  Plaintiff's motion to have the Office of the Attorney General recuse itself from representing defendants Hanney and Johnson [**doc. #80**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of August 2009.

                                                /s/
                              Warren W. Eginton
                              Senior United States District Judge